## Dan J. Curran and Alice O. Curran, Appellees, v. J. H. Junk, Appellant.

### Gen. No. 6,199.    (Not to be reported in full.)

Appeal from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed February 8, 1916. Rehearing denied April 6, 1916.

### Statement of the Case.

Action by Dan J. Curran and Alice O. Curran, plaintiffs, against J. H. Junk, defendant, to recover commissions for the exchange of real estate of defendant for other property. From a judgment for plaintiff for $5,900, defendant appeals:

WILLIAMS, LAWRENCE, WELSH & GREEN, for appellant.

M. J. DAUGHERTY and ROY M. MARSH, for appellees.

MR. JUSTICE CARNES delivered the opinion of the court.

### Abstract of the Decision.

1. BROKERS, § 88*—*when evidence sufficient to show acceptance of offer to act as broker for specified commission.* In an action by brokers for commissions for the exchange of real estate, evidence *held* sufficient to sustain a finding that plaintiffs' proposition to act as brokers for a specified commission was accepted by defendant.

2. BROKERS, § 88*—*when evidence sufficient to sustain finding that terms of contract to act as broker not modified.* In an action by brokers to recover commissions for the exchange of real estate, evidence *held* sufficient to sustain a finding that the contract for commissions was not modified so that no commissions were to be

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Curran et al. v. Junk, 200 Ill. App. 208.

paid until the property received in exchange was in turn exchanged for other property.

3. BROKERS, § 95*—*when instruction on burden of proof in action for commissions correct.* In an action by brokers for commissions for the exchange of real estate, an instruction that the burden of proof was upon the plaintiffs to show a contract for commissions and that the contract, if so shown, stood until a rescission or change was shown, and that the burden of proof was upon defendant to show a rescission or change, *held* correct.

4. BROKERS, § 95*—*when instruction improperly modified as not conforming to pleadings.* In an action by brokers for commissions for the exchange of real estate in Minnesota for property in another State, which latter property defendant claimed plaintiffs agreed as part of the contract to exchange for Illinois property, a requested instruction that if the jury believed that there was an agreement between plaintiffs and defendant to trade the foreign property for land in Illinois "or elsewhere" and the undertaking was not performed by plaintiffs they could not recover, *held* improperly modified by striking out the words "or elsewhere" on the ground that there was a departure from the pleadings, as, if a later and different agreement was made, it was admissible under the general issue.

5. APPEAL AND ERROR, § 1565*—*when error in modifying instructions as not conforming to pleadings harmless.* In an action by brokers for commissions for the exchange of real estate in Minnesota for property in another State, which latter property defendant claimed plaintiffs agreed as part of the contract to exchange for Illinois property, any error in modifying requested instructions that if the jury believed that there was an agreement between plaintiffs and defendant to trade the foreign property for land in Illinois "or elsewhere" and the undertaking was not performed by the plaintiffs they could not recover, on the ground that it was a departure from the pleadings to so instruct, *held* harmless where the jury had been informed in other instructions that if there was a later and different agreement the plaintiffs could not recover.

6. INSTRUCTIONS, § 151*—*when instructions covered by given instructions properly refused.* Requested instructions which are adequately covered by given instructions are properly refused.

7. NEW TRIAL, § 102*—*how motion for on ground of newly-discovered evidence should be supported.* A motion for new trial founded on newly-discovered evidence should be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied upon, or some excuse should be shown for not obtaining them.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

8. APPEAL AND ERROR, § 1236*—*when neither party may complain of amount of verdict.* Where the jury are instructed by agreement of counsel, in an action by brokers for commissions for the exchange of real estate, that if they found for the plaintiffs to render a verdict for a stipulated amount, neither party can complain of the amount of the verdict.